IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

```
----------------------------------------
                                        :
UNITED STATES OF AMERICA                :
                                        :
            Plaintiff                   :
            v.                          : NO. 3:17-cr-00085
                                        : DRD-MEL-1
                                        :
                                        :
ANTHONY VAZQUEZ-ARROYO                   :
                                        :
            Defendant                   :
----------------------------------------
```

CHANGE OF PLEA

Was held Before HONORABLE JUDGE MARCOS E. LOPEZ  U.S. MAGISTRATE

JUDGE sitting in San Juan, Puerto Rico, on April 3, 2017 at 9:57

A.M.

1    APPEARANCES:

2

3    FOR THE PLAINTIFF:

4    DAVID HENEK, AUSA

5

6    FOR THE DEFENDANT:

7    JOSE AGUAYO, ESQ.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1          THE CLERK: Pertaining to the hearing, Criminal

2     case 17-85 United States of America versus Anthony Vazquez-

3     Arroyo.  Appearing on behalf of the U.S. Attorney David

4     Henek and appearing on behalf of the defendant Attorney Jose

5     Aguayo.  The defendant is present in Court and is being

6     assisted by the services of the Court interpreter.

7          MR. HENEK: David Henek on behalf of the

8     Government.  Your Honor, the Government is ready to proceed.

9          MR. AGUAYO: Jose Aguayo on behalf of Anthony

10    Vazquez, and we are also ready to proceed, Your Honor.

11          (The defendant was duly sworn.)

12          THE MAGISTRATE: I am addressing the defendant.

13    Sir, could you please state your full name for the record.

14          THE DEFENDANT: Anthony Vazquez-Arroyo.

15          THE MAGISTRATE: Mr. Vazquez, if at any point

16    during this hearing you do not understand a question that I

17    ask you, or an explanation that I give you, let me know and

18    I will rephrase my question or my explanation, so that you

19    can understand it.  Is that clear?

20          THE DEFENDANT: Yes.

21          THE MAGISTRATE: You are under oath.  If you do not

22    answer the truth as to each and every one of the questions

23    that I will be asking you, you could be subjecting yourself

24    to a potential perjury charge, which could result in a term

25    of imprisonment in addition to whatever sentence of

1    incarceration is imposed in this case, if any.  Do you

2    understand that?

3             THE DEFENDANT: Yes.

4             THE MAGISTRATE: What is your age?

5             THE DEFENDANT: Twenty nine.

6             THE MAGISTRATE: What is the extent of your

7    education?

8             THE DEFENDANT: Fifth grade.

9             THE MAGISTRATE: Within the past two days, have you

10   taken any drugs, medications or alcoholic beverages?

11            THE DEFENDANT: No..

12            THE MAGISTRATE: Have you recently been under the

13   care of a mental health professional, like a psychologist or

14   a psychiatrist?

15            THE DEFENDANT: No.

16            THE MAGISTRATE: Counsel Aguayo, do you harbor any

17   doubts as to defendant's competency?

18            MR. AGUAYO: I do not, Your Honor.

19            THE MAGISTRATE: I find defendant is competent for

20   purposes of this hearing.  He appears to be alert and to be

21   understanding the Court's questions.  Now, Mr. Vazquez, are

22   you aware of the charges that appear in the indictment

23   pending against you?  One of them is a charge of felony

24   possession of a firearm and the other one is a charge of

25   illegal possession of a machine gun.  Are you familiarized

1    with these charges that are in the indictment pending

2    against you?

3              THE DEFENDANT: Yes, sir.

4              THE MAGISTRATE: Have you discussed them with your

5    lawyer and understood your attorney's explanations as to all

6    those charges?

7              THE DEFENDANT: Yes, sir.

8              THE MAGISTRATE: Could you tell me in your own

9    words, what do you think is the purpose of today's hearing?

10   I don't need you to use any technical legal terms, just in

11   your own words.  What do you think this hearing is for?

12             THE DEFENDANT: I am here to plead guilty.

13             THE MAGISTRATE: Have you had the opportunity to

14   discuss with Counsel Aguayo, the decision of whether you

15   should enter a guilty plea in this case?

16             THE DEFENDANT: Yes, I was talking with him about

17   it.

18             THE MAGISTRATE: And have you had a reasonable

19   opportunity to discuss with Counsel Aguayo what are the

20   consequences of pleading guilty as compared to the

21   consequences of exercising your right to a jury trial?

22             THE DEFENDANT: Yes, sir.

23             THE MAGISTRATE: Have you discussed with your

24   lawyer your Constitutional Rights?

25             THE DEFENDANT: Yes.

1    THE MAGISTRATE: Are you fully satisfied with the

2    legal services that Counsel Jose Aguayo has provided to you

3    in this case?

4    THE DEFENDANT: Yes.

5    THE MAGISTRATE: Counsel Aguayo, do you believe the

6    defendant has a good understanding of his Constitutional

7    Rights and of the consequences of pleading guilty?

8    MR. AGUAYO: I do, Your Honor.

9    THE MAGISTRATE: I find the defendant is fully

10   aware of the nature of the charges and that he also

11   understands the purpose of today's hearing.

12   Now, Mr. Vazquez, before we proceed any further, we

13   need to address the matter of whether you consent to proceed

14   before a Magistrate Judge for purpose of this hearing.

15   Please listen to the explanations that I am going to give

16   you.

17   There are different kind of Judicial Officers in this

18   Court, among them there is District Judges and there are

19   Magistrate Judges. Judge Daniel Dominguez is a United States

20   District Judge for the District of Puerto Rico and he is the

21   judicial officer presiding over this case.

22   District Judges like Judge Dominguez are appointed by

23   the President of the United States for a term of life, and

24   they may preside without limitations over all civil and

25   criminal matters brought before this Court.

1    You have the right to have a trial by jury presided by

2    a District Judge and you also have the right to have this

3    hearing that we are conducting right now presided by a

4    District Judge as well.  Have you understood the

5    explanations that I've given you so far?

6         THE DEFENDANT: Yes.

7         THE MAGISTRATE: Now, Magistrate Judges like me on

8    the other hand are appointed for a term of eight years.  We

9    may preside in civil cases including jury trials upon

10   receiving the parties' consent.  In criminal cases like this

11   one, we may preside over some dispositive matters, upon the

12   District Judge referral and the defendant's consent.

13   A change of plea hearing, like the one that we are

14   conducting right now is considered to be a dispositive

15   matter, inasmuch as during this hearing the defendant, in

16   this case you, would be waiving several constitutional

17   rights, including that of a jury trial.  Thus, disposing of

18   the case simply by your own admission of guilt.

19   Magistrate Judges are expected to conduct all

20   proceedings as it would be conducted by a District Judge,

21   but upon conclusion of the hearing, I will be issuing a

22   report with a suggested course of action being recommended

23   to the District Judge.

24   Any recommendation so issued is subject to review by

25   the District Judge.  Have you understood the explanations

1    that I have given you?

2    THE DEFENDANT: Yes, sir.

3    THE MAGISTRATE: Do you voluntarily consent to

4    plead guilty before a Magistrate Judge?

5    THE DEFENDANT: Yes, sir.

6    THE MAGISTRATE: I am showing you a form that is

7    titled Waiver of Right to Trial by Jury.  Did your lawyer

8    explain to you what this form means?

9    THE DEFENDANT: Yes.

10    THE MAGISTRATE: Right above of where it says

11    signature of defendant, Mr. Vazquez, are these two

12    signatures your signatures?

13    THE DEFENDANT: Yes, sir.

14    THE MAGISTRATE: Counsel Aguayo, on this waiver

15    form right above the signature of defendant's attorney, are

16    these your signatures?

17    MR. AGUAYO: That is correct, Your Honor.

18    THE MAGISTRATE: And AUSA Henek, I understand that

19    it appears that there is a colleague of yours who signed

20    first, but I think that in black ink there is a space where

21    you signed right next to where it says consented to by the

22    United States, is that your signature?

23    MR. HENEK: That is correct, Your Honor.

24    THE MAGISTRATE: I have signed this form with

25    today's date.  This form shall be made part of the record.

1    I find that the defendant having been duly advised of his

2    right to proceed before a District Judge has voluntarily

3    consented under advice of Counsel to proceed before a

4    Magistrate Judge for purposes of this hearing.

5       Now, Mr. Vazquez, do you understand that you have the

6    right to remain silent and that you may choose to testify at

7    the trial held against you, if you want to, but if you do

8    not wish to testify, you are entitled to remain silent

9    throughout the entirety of the trial.  Do you understand

10   that?

11          THE DEFENDANT: Yes.

12         THE MAGISTRATE: Do you understand that you can not

13   be penalized in any way whatsoever simply because of the

14   fact that you choose to remain silent at trial?

15          THE DEFENDANT: Yes.

16         THE MAGISTRATE: Do you understand that you are

17   presumed innocent, and that everyone including the jury has

18   to presume that you are innocent until such a time that the

19   Government is able, if the Government is ever able to prove

20   your guilt based on admissible evidence?

21          THE DEFENDANT: Yes.

22         THE MAGISTRATE:  Do you understand that you have

23   the right to face in open Court government witnesses and to

24   cross examine them at trial?

25          THE DEFENDANT: Yes.

1    THE MAGISTRATE: Do you understand that you have

2    the right to challenge the voluntariness of any statement

3    that you might have made to law enforcement, if any?

4    THE DEFENDANT: Yes.

5    THE MAGISTRATE: Do you understand that you also

6    have the right to challenge evidentiary issues related to

7    your arrest and the seizure of any incriminating evidence

8    against you?

9    THE DEFENDANT: Yes.

10    THE MAGISTRATE: Do you understand that you have

11    the right to a speedy trial before a jury within 70 days

12    that you have been arrested, pursuant to the charges in the

13    indictment pending against you in this case?

14    THE DEFENDANT: Yes.

15    THE MAGISTRATE: Do you understand that you are

16    entitled to a unanimous verdict and that the Government

17    bears the burden of convincing 12 persons that you are

18    guilty beyond reasonable doubt, otherwise if that verdict is

19    not unanimous, you would not be convicted.  Do you

20    understand that?

21    THE DEFENDANT: Yes.

22    THE MAGISTRATE: Do you understand that you have

23    the right to present evidence on your behalf, and this

24    evidence may consist of documents, tangible objects or

25    statements or testimony of witnesses among other things?

1          THE DEFENDANT: Yes.

2          THE MAGISTRATE: Do you understand that you have

3     the right to use the subpoena power of the Court to compel

4     the attendance of defense witnesses and to compel the

5     production of evidence reasonably needed, and within reach

6     that you may use to present your case?

7          THE DEFENDANT: Yes.

8          THE MAGISTRATE: Do you understand that you have

9     the right to be assisted by Counsel at all stages of this

10    case including trial and sentencing?

11         THE DEFENDANT: Yes.

12         THE MAGISTRATE: Have you discussed these rights

13    with Counsel Aguayo?

14         THE DEFENDANT: Yes.

15         THE MAGISTRATE: I find the defendant is fully

16    cognizant of his Constitutional Rights which he states that

17    he has understood and that he has discussed with his legal

18    representation.

19        Now, Mr. Vazquez, do you understand that if you proceed

20    to enter a guilty plea in this case, you are going to be

21    waiving all these rights that I've just summarized to you?

22         THE DEFENDANT: Yes.

23         THE MAGISTRATE: Do you still wish to enter a

24    guilty plea?

25         THE DEFENDANT: Yes.

1    THE MAGISTRATE: Do you understand that once you

2    enter a guilty plea, you are going to be found guilty

3    without a trial and that you are not going to be presumed

4    innocent anymore as to Count 1 and 2 of the indictment?

5    THE DEFENDANT: Yes.

6    THE MAGISTRATE: Do you understand that if you

7    plead guilty and your plea is accepted, you will be waiving

8    any possible challenges to the Government's evidence?

9    THE DEFENDANT: Yes.

10    THE MAGISTRATE: Do you understand that once

11    adjudged guilty, sentence or punishment will be left to the

12    discretion of the Court?

13    THE DEFENDANT: Yes, sir.

14    THE MAGISTRATE: Do you understand that you will

15    not be allowed to withdraw your plea solely because you

16    disagree with the sentence that the Court may eventually

17    impose?

18    THE DEFENDANT: Yes, Your Honor.

19    THE MAGISTRATE:  Do you understand that even if

20    the Court imposes a maximum statutory penalty, you would not

21    be able to withdraw your guilty plea for that reason alone?

22    THE DEFENDANT: Yes.

23    THE MAGISTRATE: Has anybody offered you anything

24    of value in order to induce you to plead guilty in this

25    case?

1          THE DEFENDANT: No, Your Honor.

2          THE MAGISTRATE: Has anybody promised you, assured

3     you, or guaranteed to you that you are going to receive a

4     specific, or a particular sentence in this case, if you

5     enter a guilty plea?

6          THE DEFENDANT: No, Your Honor.

7          THE MAGISTRATE: Do you understand that parole has

8     been abolished in the Federal System?

9          THE DEFENDANT: Yes, Your Honor.

10         THE MAGISTRATE: Do you understand that in addition

11    to a term of imprisonment and a fine, the Court may also

12    impose a term of supervised release as part of the sentence

13    in this case?

14         THE DEFENDANT: Yes, Your Honor.

15         THE MAGISTRATE: Supervised release means that you

16    will be under the supervision of a Probation Officer under

17    certain terms and conditions set by the Court.  If you

18    violate any of those terms and conditions, that term of

19    supervised release could be revoked and as a consequence of

20    such revocation, you can end up serving a term of

21    imprisonment in addition to whatever sentence of

22    incarceration is imposed in this case.  Do you understand

23    that?

24         THE DEFENDANT: Yes, Your Honor.

25         THE MAGISTRATE: Now, your attorney has advised the

1    Court that you wish to enter a straight plea; that is a plea

2    of guilty as to Counts 1 and 2 of the indictment without any

3    agreement with the Government of the United States.  Is that

4    correct?

5            THE DEFENDANT: Yes, Your Honor.

6            THE MAGISTRATE: Let us proceed then to summarize

7    the Counts that you are facing.  Count 1 alleges a violation

8    to Title 18 United States Code Sections 922 Subsection

9    (g)(1) and Section 2 and it alleges that approximately on

10   the first day of February of this year; that is 2017, in

11   Puerto Rico, you Anthony Vazquez-Arroyo having -- and

12   another named defendant, having been convicted of a crime

13   punishable by imprisonment for a term exceeding one year,

14   aiding and abetting each other knowingly possessed in and

15   affecting interstate commerce, one Glock pistol.  Is this

16   one of the counts to which you are pleading guilty?

17           THE DEFENDANT: Yes, Your Honor.

18           THE MAGISTRATE: Let me summarize the second Count.

19   The second Count alleges a violation to Title 18 United

20   States Code Section 922 subsection (o) and Section 2.  It

21   alleges that on the first day of February of the year 2017,

22   in Puerto Rico, you, Anthony Vazquez-Arroyo and another

23   named defendant, aiding and abetting each other, knowingly

24   possessed a machine gun; that is one Glock pistol model 23,

25   that had been modified to shoot automatically more than one

1    shot without manual reloading by a single function of the

2    trigger.  Is this the other Count to which you are pleading

3    guilty?

4              THE DEFENDANT: Yes.

5              THE MAGISTRATE: Now, Mr. Vazquez, if you proceed

6    to enter a guilty plea to Counts 1 and 2 of the indictment,

7    you will be exposed to the following penalties as to each

8    Count.  A term of imprisonment of not more than 10 years, a

9    fine not greater than $250,000 and a term of supervised

10   release of not more than 3 years in addition to any term of

11   imprisonment.  Do you understand that?

12             THE DEFENDANT: Yes, but excuse me.  Could you

13   please repeat the previous question?

14             THE MAGISTRATE: Sure, I can -- I think that you

15   are meaning when I was summarizing Count 2.  I can do that,

16   I will do that again.  Count 2 alleges a violation to Title

17   18 United States Code Section 922 Subsection (o) and Section

18   2, and it -- I am not reading this verbatim word by word.  I

19   am just simply summarizing it because you told me at the

20   beginning that you were familiarized with the charge but if

21   you need me to read it verbatim word by word, I will read it

22   word by word.  Do you want me to read it verbatim word by

23   word?

24             THE DEFENDANT: No, no it's okay.

25             THE MAGISTRATE: Okay, so I will summarize it.  It

1     basically alleges that on the first day of February of the

2     year 2017 in Puerto Rico, you Anthony Vazquez-Arroyo and

3     another named defendant, aiding and abetting each other

4     knowingly possessed one Glock pistol that had been modified

5     to shoot automatically more than one shot without manual

6     reloading a single function of the trigger.  That's a

7     summary, and my question was, is this one of the counts to

8     which you are pleading guilty?

9          THE DEFENDANT: It says that the gun was shot?

10         THE MAGISTRATE: No, no they did -- the Count is

11    not alleging that you fired the Glock pistol.  That is not

12    being charged.  What is being alleged is that the Glock

13    pistol had been modified to be able to shoot automatically

14    but it is not alleging that you fired the firearm, the Glock

15    pistol.  Are you clear, do you understand that?

16         THE DEFENDANT: Yes, yes Your Honor.  Excuse me.

17         THE MAGISTRATE: That's fine, you -- it's important

18    to me that you understand because if you don't understand

19    something, that's fine.  I'll be glad to try to rephrase any

20    way I can to try to help you understand.  So, my question to

21    you is, is this another count to which you are pleading

22    guilty?

23         THE DEFENDANT: Yes, Your Honor.

24         THE MAGISTRATE:  All right, so going back to where

25    we were, if you are convicted of these two offenses as to

1    each count, you will be exposed to the following penalties:

2    A term of imprisonment of no more than 10 years, a fine not

3    greater than $250,000 and a term of supervised release of no

4    more than 3 years, in addition to any term of imprisonment.

5    Do you understand that?

6            THE DEFENDANT: Yes, Your Honor.

7            THE MAGISTRATE: Do you understand that as part of

8    the sentence, the Court must impose a special monetary

9    assessment of $100 per Count of conviction, so in this

10    particular case, there are two Counts so it will be an

11    assessment of $200.  Do you understand that?

12           THE DEFENDANT: Yes, Your Honor.

13           THE MAGISTRATE: Counsel Aguayo, have you had the

14    opportunity to thoroughly discuss with the defendant the

15    United States sentencing guidelines, and the guidelines

16    calculations and how they would apply to him in this

17    particular case?

18           MR. AGUAYO: I have, Your Honor.

19           THE MAGISTRATE: Mr. Vazquez, were you able to

20    understand your lawyer's explanations as to the United

21    States sentencing guidelines and the guidelines calculations

22    and how they would apply to you in this case?

23           THE DEFENDANT: Yes, Your Honor.

24           THE MAGISTRATE: Do you understand that the United

25    States sentencing guidelines are advisory, in other words,

1    they are not binding or mandatory on the Court?

2         THE DEFENDANT: Yes, Your Honor.

3         THE MAGISTRATE: Do you understand that even if the

4    Court imposes a sentence that is more severe than what the

5    advisory guidelines recommend or suggest, you would not be

6    able to withdraw your guilty plea for that reason alone?

7         THE DEFENDANT: Yes, Your Honor.

8         THE MAGISTRATE: Do you understand that there is no

9    stipulation as to your criminal history category and that at

10   the time of the sentencing hearing the higher criminal

11   history category is the more severe the punishment

12   recommended by the guidelines is?

13        THE DEFENDANT: Yes, Your Honor.

14        THE MAGISTRATE: Has anybody forced you, threatened

15   you or coerced you to enter a guilty plea in this case?

16        THE DEFENDANT: No, Your Honor.

17        THE MAGISTRATE: Now, in just a few moments I will

18   be asking the prosecutor to provide a proffer of the

19   evidence.  That is a summary of the evidence that the

20   Government claims that it would have presented at trial had

21   you exercised your right to a jury trial in order for them

22   to prove beyond reasonable doubt that you are guilty of

23   these offenses.

24   Please, Mr. Vazquez, listen carefully to what the

25   prosecutor is going to say.  Counsel Aguayo, as I said

1    earlier when the AUSA was present here at side bar with both

2    you and the AUSA?  Once the prosecutor is done giving his

3    proffer, I'll ask you whether the defendant is in a position

4    to admit the Government's proffer as true, or if instead he

5    would rather have me go through the elements of the offenses

6    to see if he's willing to admit as to each and every one of

7    the elements of the offenses charged.

8        I don't mind if after you hear the prosecutor's proffer

9    you wish to confer for a moment with your client, if you

10   need to have that moment, that's fine too.

11       MR. AGUAYO: We are ready, Your Honor.

12       THE MAGISTRATE: Very well, AUSA Henek, you may

13   proceed right now with the Government's proffer of the

14   evidence.

15       MR. HENEK: Thank you, Your Honor.  The

16   Government's statement of facts is as follows:  On February

17   1, 2017, an FBI Task Force Officer was traveling East on

18   Street 28 towards Guaynabo from Bayamon.  There was a white

19   Ford Mustang traveling one or two vehicles in front of the

20   Task Force Officer.  The Task Force Officer then heard

21   gunfire and observed the driver of the Mustang discharging a

22   firearm towards a white Mitsubishi Lancer, which was

23   directly in front of the Mustang.  After the incident had

24   been reported, two Police of Puerto Rico Officers saw the

25   white Ford Mustang pull over on the side of the road in

1     Barrio Obrero.  POPR witnessed two individuals get out of

2     the Mustang smoking cigarettes.

3         POPR approached the driver of the vehicle, later

4     identified as the defendant, Anthony Vazquez-Arroyo, and

5     asked him to put his hands on the rear of the vehicle.  Mr.

6     Vazquez-Arroyo stated that he had two magazines in his

7     pocket, one of which was empty and the other of which was

8     loaded.

9         From the defendant, Mr. Vazquez-Arroyo's person, POPR

10    recovered a 22 round magazine containing 7 rounds, as well

11    as an empty 22 round magazine.  Mr. Vazquez-Arroyo also

12    stated that there was a firearm inside the vehicle.  At that

13    point Mr. Vazquez-Arroyo was advised of his rights.

14        Mr. Vazquez-Arroyo then stated that the firearm was

15    located on the rear passenger seat and that it belonged to

16    him.  Inventory was taken of the Ford Mustang upon arrival

17    at an FBI secured location.

18        The FBI recovered a black and gray fanny pack

19    containing a Glock 23 pistol with serial number BAAH345, two

20    22 round magazines and one loose round.  One magazine

21    contained 22 rounds, the other contained 20 rounds.  The

22    Glock 23 pistol had been configured to fire in fully

23    automatic mode.

24        A criminal record search reveals that Mr. Vazquez-

25    Arroyo is a felon who had been convicted of a crime

1      punishable by imprisonment for a term exceeding one year.

2      Specifically, Mr. Vazquez-Arroyo was convicted of a

3      carjacking in 2011 and sentenced to 63 months in prison and

4      60 months of supervised release in the District of Puerto

5      Rico case number 11-CR-325 by the Honorable Francisco

6      Besosa.

7      At trial the United States would have proven beyond a

8      reasonable doubt that the defendant is guilty as charged in

9      Counts 1 and 2 of the indictment. Had this case proceeded

10     to trial, the U.S. would have proven beyond a reasonable

11     doubt that on or about February 1, 2017 in the District of

12     Puerto Rico and within the jurisdiction of this Court, the

13     defendant, Mr. Anthony Vazquez-Arroyo, having been convicted

14     of a crime punishable by a term of imprisonment exceeding

15     one year, aiding and abetting another named defendant, did

16     knowingly possess and in affecting Interstate Commerce a

17     firearm; that is one Glock pistol model 23 bearing serial

18     number BAAH345, as well as four 22 round magazines.

19     Had this case proceeded to trial, the U.S. also would

20     have proven beyond a reasonable doubt, that the defendant

21     Anthony Vazquez-Arroyo, aiding and abetting another named

22     defendant, did knowingly possess a machine gun; that is a

23     Glock pistol model 23 bearing serial number BAAH345 that had

24     been modified to shoot automatically more than one shot

25     without manual reloading by a single function of the

1    trigger, as well as four 22 round magazines.

2        At trial the Government would have proven Counts 1 and

3    2 beyond reasonable doubt with physical and documentary

4    evidence, including but not limited to testimony of

5    intervening Police Officers and FBI Agents, photographs,

6    documents, and other physical evidence.  Discovery was

7    timely made available to defendant for review.

8            THE MAGISTRATE: Counsel Aguayo, would you rather

9    have me go through the elements of the offenses as to each

10   count, or is the defendant in a position to admit the

11   Government's proffer as true?

12           MR. AGUAYO: My client has informed me, Your Honor,

13   that he agrees with all the elements of the offense, Your

14   Honor.

15           THE MAGISTRATE: Okay, so let me address the

16   defendant then.  Excuse me.  Mr. Vazquez, do you admit that

17   on February the 1st of the year 2017 in Puerto Rico, you

18   Anthony Vazquez-Arroyo and another person possessed one

19   Glock pistol model 23 bearing serial number BAAH345?

20           THE DEFENDANT: Yes.

21           THE MAGISTRATE: Do you admit that that firearm;

22   that is the Glock pistol that I just mentioned to you a few

23   moments ago, had been modified to shoot automatically more

24   than one shot without manual reloading by a single function

25   of the trigger?

1          THE DEFENDANT: Yes.

2          THE MAGISTRATE: Do you admit that at the time of

3    the offense; that is as back in February the 1st of the year

4    2017, you knew that that Glock pistol had been modified to

5    shoot automatically?

6          THE DEFENDANT: Yes.

7          THE MAGISTRATE: Do you admit that as of February

8    the 1st of the year 2017, you had been convicted of a crime

9    punishable by imprisonment for a term exceeding one year?

10          THE DEFENDANT: Yes.

11          THE MAGISTRATE: And do you admit that, and I am

12    asking this question for purposes of Count 1, to address the

13    Interstate Commerce nexus.  Do you admit that that Glock

14    pistol that you were in possession of on February the 1st,

15    2017, had been shipped or transported in Interstate or

16    foreign commerce?

17          THE DEFENDANT: Yes.

18          THE MAGISTRATE: Finally, do you admit that you

19    committed these offenses knowingly; that is not by accident

20    or by mistake but rather fully aware of what you were doing?

21          THE DEFENDANT: No.

22          THE MAGISTRATE: Well, here is the thing, Mr.

23    Vazquez —-

24          MR. AGUAYO: I don't know if he understood, Your

25    Honor.

1    THE MAGISTRATE:   Okay, I will let you confer with

2    your client, but let me at least just say this before you

3    confer with your client.   Mr. Vazquez, the reason why I am

4    asking this question is because both Count 1 and Count 2

5    alleged that you possessed; that you committed these

6    offenses knowingly.   Both of them say knowingly possessed,

7    did knowingly possess.

8        So, I am asking you whether you admit that you

9    committed these offenses knowingly.   That's the reason why.

10   Now, I am not going to put any pressure on you. I will let

11   you confer with your lawyer first.   If you tell me that you

12   did not commit these offenses knowingly, then I will respect

13   your decision but I can not then recommend that your guilty

14   plea be accepted because that is one of the elements of the

15   offense's charged.

16       So, take a moment. I will respect whatever decision

17   that you make.   What I do need to have is a truthful answer.

18   That I need but I will respect whatever decision you make

19   about this.   So, it is your -- so confer with your lawyer

20   and then after you have conferred with your lawyer, I will

21   repeat the question to you and if you don't understand my

22   question, let me know and I am going to try to see how I can

23   phrase it differently.   All right?

24            THE DEFENDANT: Yes.

25            THE MAGISTRATE: Go ahead.

1          MR. AGUAYO: Would you please ask him again, Your

2     Honor?

3          THE MAGISTRATE: All right, so let the record

4     reflect that the defendant has had an opportunity to confer

5     with his lawyer.  Mr. Vazquez, as to both of these Counts,

6     do you admit that you committed these offenses knowingly, in

7     other words, not by accident or by mistake but rather fully

8     aware of what you were doing?

9          THE DEFENDANT: Yes.

10          THE MAGISTRATE:  I find that there is a basis in

11     fact as to each and every one of the elements of the

12     offenses charged.  Now, Mr. Vazquez, how do you wish to plea

13     to Counts 1 and 2 of the indictment, guilty or not guilty?

14          THE DEFENDANT: Guilty.

15          THE MAGISTRATE: Is your decision to enter a guilty

16     plea a voluntary decision?

17          THE DEFENDANT: Yes.

18          THE MAGISTRATE:  I find that the defendant is

19     fully aware of the consequence of his guilty plea and the

20     maximum penalties applicable to Count's 1 and 2 of the

21     indictment.  I also find that his plea has been

22     intelligently and knowingly made. I find that there is a

23     basis in fact as to every element of the offenses charged

24     and I find the defendant's plea has been voluntarily made.

25          Therefore, I recommend that Mr. Vazquez' guilty plea to

1    Counts 1 and 2 of the indictment be accepted by the Court.

2        Mr. Vazquez, I urge you, your attorney and the

3    prosecutor, to assist the Probation Office in the

4    preparation of the Pre-sentence Report.  The sentencing

5    hearing shall be held before Judge Dominguez on the 4th of

6    August of this year, at 10:00 a.m.

7         Are there any other matters that the parties wish to

8    bring to the attention of the Court?

9             MR. HENEK: Nothing from the Government, Your

10   Honor.

11            MR. AGUAYO: Nothing from the defense, Your Honor.

12            THE MAGISTRATE: You may withdraw.

13            MR. AGUAYO: Thank you, sir.  I am sorry August 4th

14   at 10:00 a.m., correct?

15            THE MAGISTRATE: Correct.

16            MR. AGUAYO: Thank you, sir.

17            (The hearing adjourned at 10:33 a.m)

18

19

20

21

22

23

24

25

1   U.S. DISTRICT COURT     )

2   DISTRICT OF PUERTO RICO)

3

4       I certify that this transcript consisting of 27 pages

5   is a true and accurate transcription to the best of my

6   ability of the proceedings in this case before the Honorable

7   U.S. Magistrate Judge, Marcos E. Lopez, on April 3, 2017.

8

9

10

11  S/Boabdil Vazquetelles

12  Court Reporter

13

14

15

16

17

18

19

20

21

22

23

24

25